IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jonathan Brotherton,, | C/A. No. 1:18-3539-CMC-PJG |
| Plaintiff, | |
| v. | |
| | **Opinion and Order** |
| CB&I Project Services Group, LLC, | |
| Defendant. | |

Through this action, Plaintiff Jonathan Brotherton ("Plaintiff") seeks recovery from his former employer, CB&I Project Services Group, LLC ("Defendant"), for actions relating to or arising from termination of his employment. Plaintiff asserts two federal causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and a single state-law claim for negligent and grossly negligent investigation of allegations made against Plaintiff by a fellow employee. The matter is before the court on Defendant's motion to dismiss the state law claim.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On February 11, 2019, the Magistrate Judge issued a Report recommending Defendant's motion to dismiss be granted. ECF No. 14. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed his objections on March 11, 2019. ECF No. 18. Defendant filed a reply on March 25, 2019. ECF No. 20. This matter is now ripe for resolution.

After conducting a *de novo* review as to the objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendant's reply, the court agrees with the Report's recommendation that Defendant's motion to dismiss be granted. Accordingly, the court adopts the Report by reference in this Order.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report recommends dismissal of Plaintiff's third cause of action because Plaintiff does not allege he is anything other than an at-will employee and, as a matter of law, an employer owes no duty of due care in conducting an investigation of allegations against an at-will employee.

Report at 3 (relying on *Gause v. Doe*, 451 S.E.2d 408, 409 (S.C. Ct. App. 1994)).[1]  While Plaintiff questions the adequacy of *Gause*'s reliance on a general proposition stated in *Small v. Springs Indus.*, 388 S.E.2d 808 (S.C. 1990) ("*Small II*"), he does not point to any South Carolina decision supporting a contrary result.[2]

Plaintiff, instead, relies on a variety of decisions which have imposed a duty of care in distinguishable, non-employment contexts.  For example, he relies on *Miller v. City of Camden*, 494 S.E.2d 813 (S.C. 1995), which found an issue of fact existed whether the operator of a mill voluntary undertook a duty to monitor lake level for the benefit of others, which action could support imposition of a duty of care in support of a negligence claim.  Plaintiff also relies on *Edwards v. Lexington Co. Sheriff's Dept.*, 688 S.E.2d 125 (S.C. 2010), which found special circumstances imposed a duty of care where the defendant's employees created the risk of harm by arranging a bond revocation hearing for a person they knew "had unrelenting violent tendencies

---

[1]  The Report also relies on *Anthony v. Atlantic Grp., Inc.*, 909 F. Supp. 2d 455, 474 (D.S.C. 2012).  In *Anthony*, the court held negligence-based claims for wrongful termination failed as a matter of law.  The court explained as follows:  "Because [the employer] owed no duty to conduct adequate investigations as to its employees due to the at-will nature of the employment relationship, Plaintiffs cannot prevail on their termination claims."  *Id.*

[2]  *Small II* addresses a challenge to a damages award following remand of *Small v. Springs Indus., Inc.*, 357 S.E.2d 452 (S.C. 1987) ("*Small I*") (recognizing claim for breach of contract based on assurances in employee handbook).  *Gause* introduces *Small II* with an "*e.g.*" signal, then cites it for the proposition an at-will employee may be "terminated at any time, for any reason, or for no reason at all, *irrespective of any inadequate investigations, false assumptions, or failures to reevaluate on the part of the employer*."  *Gause* at 409 (emphasis added).  While *Small II* includes the non-italicized language in this quote, it does not address the point made in the italicized portion.  *See Small II*, 388 S.E.2d at 810.  Thus, Plaintiff is correct that the language in *Gause* critical to this action is an extension or application of *Small II*, rather than a proposition directly supported by *Small II*.

towards Edwards," and strongly encouraged Edwards to attend the hearing without providing for her security. Neither these nor any other cases cited by Plaintiff involve an employer's duty to its employees, either regarding investigations of alleged misconduct or in any other employment context. Thus, they do not cast doubt on *Gause*'s interpretation of South Carolina law to preclude a negligence claim by an at-will employee who wishes to challenge the adequacy of an investigation leading to termination of employment.

In contrast, the South Carolina Supreme Court has recently issued a decision that suggests application of the rule in *Gause*. *See Shaw v. Psychemedics Corp.*, __ S.E.2d ___, 2019 W.L. 1272945 (S.C. March 20, 2019). In *Shaw*, the court held the contractual relationship between an employer and a drug testing laboratory may support imposition of a duty of due care owed by the laboratory to employees who are subject to testing.[3] In reaching this conclusion, the court noted that "*without the recognition of a duty, a terminated employee is often left without a means for redress*, while the drug testing laboratory is effectively immunized from liability. This risk is *especially great in at-will states like South Carolina*, in which an employer may terminate an employee at any time without reason or cause." *Shaw*, Slip. Op. at 3 (footnotes omitted, emphasis added). Thus, while *Shaw* does not expressly address *Gause*, or an employer's duty regarding investigations of employees, its assumption as to non-availability of a claim against the employer is at least consistent with the rule in *Gause*.

---

[3] Shaw pursued a negligence claim against the laboratory based on allegations he was terminated by his employer after the laboratory inaccurately reported Shaw's hair tested positive for cocaine.

**CONCLUSION**

For reasons set forth above, the court adopts the Report in full as supplemented above and grants Defendant's motion to dismiss Plaintiff's third cause of action. Because other claims remain, the matter is recommitted to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 15, 2019